## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GLORIA MARTINEZ,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:23-CV-00710-SH** |
| | § | |
| **WALMART INC.,** | § | |
| *Defendant* | § | |

### O R D E R

Pursuant to the parties' consent to magistrate judge authority, the District Court reassigned this case to this Magistrate Judge for all proceedings and the entry of final judgment on September 14, 2023, pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 11.

Before the Court is Defendant Walmart Inc.'s Motion for Summary Judgment, filed May 10, 2024 (Dkt. 19). A response to the motion was due May 24, 2024 under Local Rule CV-7(d), but Plaintiff Gloria Martinez has not filed a response.

### I.     Facts

Martinez alleges that while she was shopping at a Walmart store in Austin, Texas, "suddenly and without warning, Plaintiff slipped on grapes and fell violently to the floor," causing her to suffer injuries. Original Petition, Dkt. 1-2 ¶ 6. Martinez sued Walmart in Texas state court, asserting a single negligence claim for premises liability. She alleges that Walmart knew or should have known about the grapes on the floor and failed to remove them or warn her of the condition. *Id.* ¶¶ 7-9. Walmart removed the case to this Court based on diversity jurisdiction. Dkt. 1 at 3.

## II.    Legal Standard

Summary judgment shall be rendered under Rule 56(a) when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has shown the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 585 n.10, 586-87. If the nonmoving party fails to make a showing sufficient to establish an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

A court cannot grant a motion for summary judgment "simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citation omitted). But when no response is filed, the court may accept the facts in the summary judgment motion as undisputed. *Janjigian v. Lib. Mut. Ins.*, 635 F. Supp. 3d 538, 542 (W.D. Tex. 2022).

### III.     Analysis

Because Martinez did not file a response opposing Walmart's motion for summary judgment, the Court accepts the facts and evidence in the motion as undisputed. *Janjigian*, 635 F. Supp. 3d at 542.

Under Texas law, premises owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citation omitted). To prevail on a premises liability claim, a plaintiff must show:

(1)     Actual or constructive knowledge of the condition on the premises by the owner/operator; and that

(2)     The condition posed an unreasonable risk of harm;

(3)     The owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4)     The owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Minjarez v. Wal-Mart Stores, Tex., LLC*, 363 F. Supp. 3d 763, 768-69 (W.D. Tex. 2019).

Walmart argues that Martinez has not shown that it had actual or constructive knowledge that the grapes were on the floor.[1] In a slip-and-fall case, a plaintiff can satisfy the knowledge element by showing that (1) the defendant placed the slippery substance on the floor; (2) the defendant actually knew that the slippery substance was on the floor; or (3) the slippery substance was on the floor long enough to give the defendant a reasonable opportunity to discover it. *McCarty*, 864 F.3d at 358.

---

[1] Walmart argues that Martinez's claim fails under the standard for a premises liability claim based on failure to warn instead of failure to protect. Dkt. 19 at 3-4. Because knowledge is an essential element of either theory of premises liability, the Court's analysis is the same. *McCarty*, 864 F.3d at 358.

Martinez satisfies none of these theories. First, she offers no evidence that Walmart put grapes on the floor. Martinez testified at deposition that she slipped by the self-checkout counter, but admitted that she did not see anyone put grapes on the floor and did not know how many grapes were on the floor, when they got there, or how long they were there. Transcript at 83:14-87:25, Dkt. 19 at 29-30. Her testimony does not create a genuine issue of material fact that Walmart put grapes on the floor.

Nor does Martinez offer any evidence that Walmart or its employees knew grapes were on the floor before she slipped. In her Petition, Martinez alleged that Walmart knew grapes were on the floor, but she did not testify that a Walmart employee saw or was told about the grapes. Dkt. 1-2 ¶ 6. Mere "suspicion cannot carry [Martinez's] burden to establish a genuine issue" that Walmart was aware of the condition that caused her to fall. *Lozano v. Walgreen Co.*, No. 1-22-CV-497-DII, 2023 WL 3593195, at *5 (W.D. Tex. May 22, 2023), *R. & R. adopted*, 2023 WL 4096742 (W.D. Tex. June 20, 2023). Martinez has not shown that Walmart had actual knowledge.

To show constructive knowledge, a plaintiff must establish that it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018). This has been called the "time-notice rule." *Martinez v. Home Depot U.S.A., Inc.*, No. SA-21-CV-00841-XR, 2023 WL 2874452, at *5 (W.D. Tex. Apr. 10, 2023). The length of time considered reasonable will vary based on the facts and circumstances, and courts consider not just how long the condition existed, but also how close employees were to the condition and how conspicuous it was. *Britt v. Walgreen Co.*, No. 1:19-CV-781-RP, 2022 WL 3135301, at *2 (W.D. Tex. Aug. 5, 2022) ("Thus, when determining whether a defendant had constructive knowledge of a hazardous condition, a court must consider evidence of (1) longevity; (2) proximity, and (3) conspicuity."). In all cases, "there

must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner." *McCarty*, 864 F.3d at 359-60 (citation omitted).

Here, there is no evidence how long the grapes were on the floor. Martinez speculated at deposition that someone near the self-checkout counter sampled the grapes by biting into them and then tossed them onto the floor, but she did not see anyone do so. Martinez Tr. at 42:13-43:11, Dkt. 19 at 19. Even if the Court could accept Martinez's speculation, it would not establish when the grapes got to the floor. She cannot show constructive knowledge because she offers no proof how long the grapes were on the floor before she slipped.

"Actual or constructive knowledge is an essential element of a premises liability claim." *Benedetti v. Wal-Mart Stores Tex., LLC*, No. 5:16-CV-604-DAE, 2018 WL 2996900, at *3 (W.D. Tex. Apr. 12, 2018). Because Martinez has not shown that Walmart had actual or constructive knowledge of a hazardous condition, the Court finds that Walmart's motion for summary judgment must be granted..

## IV.    Order

The Court **GRANTS** Defendant Walmart Inc.'s Motion for Summary Judgment (Dkt. 19) and **ORDERS** that Plaintiff Gloria Martinez's claim against Walmart is **DISMISSED WITH PREJUDICE**. The Court will enter final judgment in a separate order.

**SIGNED** on June 17, 2024.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE